Ex parte ORVILLE LINDSAY CHAMBLESS.

No. A-10824.    March 26, 1947.
(179 P. 2d 167.)

David Tant, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Warren H. Edwards, Co. Atty., and George Lipe, Asst. Co. Atty., both of Oklahoma City, for the State.

BRETT, J.   The petitioner, Orville Lindsay Chambless, was charged by information in Oklahoma county court with the crime of murder. At a preliminary examination he was held to the district court without bond. An information was filed against the defendant in the district court of Oklahoma county on January 8, 1947, and he is now confined in the county jail of Oklahoma county.

Application was made to the district court of Oklahoma county on January 16, 1947, for bail and the writ was denied. The above-named defendant filed his application in this court for writ of habeas corpus on January 23, 1947, in which he claims that he is not guilty of said charge of murder; that the proof thereof is not evident, nor the presumption thereof great; that the same is supported by a certified transcript of the testimony taken before the district judge of Oklahoma county, Okla., in which said hearing he appeared as the only witness.

This petition was heard by agreement of the parties in this court January 24, 1947, at which time the certified copy of the transcript taken in the lower court was offered in evidence and the testimony of two additional witnesses was offered.

It is unnecessary to give a detailed statement of the testimony presented in this court, or to set forth any of the testimony as the same appears in the transcript offered in evidence and as taken in the court below.

The evidence revealed, in substance, that while there was slight evidence from which a charge of murder might be inferred and that the killing was with premeditated design, the positive proof on behalf of the defendant is to the effect that he had no intention to kill Eltzroth and that the shooting was accidental. The state offered no evidence to controvert this positive proof offered by the defendant. Under these circumstances, we must conclude that the proof of murder is not evident nor the presumption thereof great. By reason of the foregoing facts, this court on January 24, 1947, granted the writ and ordered the defendant released from the county jail of Oklahoma county upon giving of bail in the sum of $20,000, to be approved by the court clerk of Oklahoma county, Okla.

In keeping with this order, the writ is hereby granted, in compliance with the order as above stated.

BAREFOOT, P. J., concurs. JONES, J., absent and not participating.